IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
ANDREW CARLIN,                                  :
individually and on behalf of a class,          :
                                                :     2:13-cv-06062-JS-GRB
                    Plaintiff,                  :
                                                :
        v.                                      :
DAVIDSON FINK LLP,                              :
                                                :
                    Defendant.                  :
-----------------------------------------------------------------x
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff Andrew Carlin on behalf of himself and the class defined herein submits this memorandum in opposition to the Defendant Davidson Fink, LLP's Motion for Reconsideration of this Court's Order of September 23, 2014.

On December 20, 2013 the Defendant filed a motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) alleging that (1) Defendant was not acting as a debt collector under the FDCPA because the FDCPA does not apply to foreclosure actions; (2) an "initial communication" under the FDCPA never took place between Plaintiff and Defendant, thereby Defendant's requirements under 15 U.S.C. §1692g(a) were never triggered; and (3) Defendant did not violate Section 1692g(a) because the payoff statement properly stated the amount of the balance remaining on plaintiff's mortgage.

On September 23, 2014 this Court entered an Order denying the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, this Court held that Plaintiff has plausibly alleged that (1) Davidson Fink was acting as a debt collector, (2) that it engaged in an

1

initial communication with Plaintiff, and (3) that it failed to comply with Section 1692g(a) of the FDCPA.

The Defendant's motion for reconsideration is nothing more than a rehashing of the same points and arguments set forth in the initial briefing of the motion to dismiss, which were subsequently rejected by this Court.  Defendant's motion for reconsideration is another attempt to reargue the same points that were argued below.

### A.  Davidson Fink Was Acting As A Debt Collector

Defendant argues that the Court overlooked precedential case law from the Eastern District of New York on this issue of whether Defendant was acting as a debt collector. This simply is not true. The cases that the Defendant cites and the points argued in its motion for reconsideration were are raised and addressed in Defendant's memorandum in support of its motion to dismiss on pages 6 through 12 and again in Defendant's Reply brief submitted in support of its motion to dismiss on pages 3 through 5.  The arguments presented herein are repetitive and are not a basis for the Court to reconsider its decision of September 23, 2014.

### B.  There was An Initial Communication Between Plaintiff and Davidson Fink

Defendant argues that that the Court overlooked decisions from other Courts in This district in concluding that there was an initial communication between Plaintiff Carlin and Davidson Fink.  Again, Defendant does not point to anything new that the Court did not consider in its initial review of the motion papers.  The *Lane* decision as well as other cases the Defendant relies on in its motion for reconsideration were addressed at length in Defendant's opening brief on pages 12-15, and again in its reply brief in support of its motion to dismiss on pages 5-9.

### C. The Defendant's Request for Certification Pursuant to 28 U.S.C.§1292(b) should be denied.

The defendant's request for the Court of certify its Order of September 23, 2014 pursuant to 28 U.S.C. §1292(b) should be denied as the issues raised by the defendant are either (1) already settled law, or (2) are already pending before the Second Circuit Court of Appeals. In addition an immediate appeal will not materially advance the ultimate termination of this litigation.

### i.    The Second Circuit Has Already Ruled On the Applicability of the FDCPA to Collection of Residential Mortgages

The Second Circuit Court of Appeals has applied the FDCPA to attempts to collect residential mortgage debts.  *Vincent v. Money Store,* 736 F.3d 88 (2nd Cir. 2013).   The Second Circuit answered in the affirmative the question of whether "the consumer protections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., . . . apply to a mortgage lender that has purchased mortgages initially payable to other lenders and, after the homeowners defaulted on their mortgages, hired a law firm to send allegedly deceptive debt collection letters on its behalf."  (736 F.3d at 90).

Moreover, the *Vincent* decision is consistent with the decisions of every other Court of Appeals to have addressed the issue of whether the FDCPA applies to attempts to collect residential mortgages. Every Court of Appeals to have addressed the issue has held that foreclosure lawyers are subject to the FDCPA, either generally or unless they neither attempt to collect money nor enforce personal liability.

**Third Circuit:**  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3d Cir. 2011) (allegedly inflated mortgage payoff statement covered by FDCPA); *Ogbin v. Fein, Such, Kahn & Shepard, P.C.*, 414 Fed.Appx. 456 (3d Cir. 2011) (same); see *Siwulec v. J.M. Adjustment*

3

*Services, LLC*, 465 Fed.Appx. 200 (3d Cir. 2012) (notices left by mortgage company's field agent); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 233-36 (3d Cir. 2005) (FDCPA applies to collection of overdue water and sewer obligations via lien filed against consumer's house because "the text of the FDCPA evidences a Congressional intent to extend the protection of the Act to consumer defendants in suits brought to enforce liens" and "[t]he fact that the [statute] provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt").

**Fourth Circuit:**  *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006); see also *Rawlinson v. Law Office of William M. Rudow, LLC,* No. 10-2148, 460 Fed. Appx. 254; 2012 U.S. App. LEXIS 173 (4th Cir. Jan. 5, 2012) (replevin action is covered by FDCPA).

**Fifth Circuit:** *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006);  *Brown v. Morris*, No. 04-60526, 243 Fed. Appx. 31; 2007 U.S. App. LEXIS 15396 (5th Cir., June 28, 2007).

**Sixth Circuit:**  *Wallace v. Washington Mut. Bank, F.A., 683* F.3d 323 (6th Cir. 2012); *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013).

**Seventh Circuit:**  *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496 (7th Cir.  2008); *Miller v. McCalla, Raymer,  Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).

**Tenth Circuit:**   See *Maynard v. Cannon*, 401 F. App'x 389, 394 (10th Cir. 2010).

**Eleventh Circuit**:  *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012); see *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

Accord, *Shapiro & Meinhold v. Zartman*, 823 P.2d 120 (Colo. 1992) (foreclosure lawyers subject to FDCPA).  There are no contrary decisions from any Court of Appeals, and many district courts in the circuits which have not yet ruled are in agreement.  *E.g., Pettway v. Harmon Law Offices, P.C.,* 03cv10932, 2005 WL 2365331, *5 (D.Mass., Sept. 27, 2005).

In *Reese*, the Eleventh Circuit noted that a contrary "rule would create a loophole in the FDCPA.  A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of §1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A 'debt' is still a 'debt' even if it is secured."   (678 F.3d at 1217-18).

The contrary decisions were soundly rejected in *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013).

Thus, the issue of whether Davidson Fink was acting as a debt collector with respect to plaintiff's residential mortgage debt  is not appropriate for certification as the Second Circuit has already addressed the applicability of the FDCPA to residential mortgage debts and the law on this issue in this Circuit, as well as other circuits, is settled.

> **ii.     The Issue of Where there was an "Initial Communication in Connection with Collection of a Debt" is already before the Second Circuit Court of Appeals for Review**

Presently pending before the Second Circuit Court of Appeals is *Hart v. FCI Lender Services Inc.*, 14-191cv (2nd Cir. 2014 ). The issue before the Court in *Hart v. FCI* is whether a

5

letter sent for purposes of complying with RESPA is a communication "in connection with the collection of any debt", thereby triggering the disclosure requirements of 15 U.S.C. §1692g of the FDCPA. As the issue presently before the Second Circuit is what triggers disclosures pursuant to §1692g, the Second Circuit's decision in *Hart* is likely to shed light on the issues Defendant purports to raise here. The Second Circuit held oral arguments in Hart on August 27, 2014. Because a very similar issue is presently pending before the Second Circuit Court of Appeals in *Hart v. FCI*, the Defendant's request for certification on this issue should be denied.

      iii.    **Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation**

In light of the Second Circuit's decision in *Vincent v. Money Store,* 736 F.3d 88 (2nd Cir. 2013) and its anticipated decision in *Hart v. FCI Lender Services Inc.*, 14-191cv (2nd Cir. 2-14), the Court should deny Defendant's Motion for Certification.

Because the Second Circuit has already ruled on the issue of the applicability of the FDCPA to collection of residential mortgages and the Second Circuit is presently considering the issue of what is a communication in connection with the collection of a debt for purposes of triggering disclosure requirements pursuant to 15 U.S.C. §1692g, an immediate appeal will not materially advance the ultimate termination of this case. Contrary to defendant's representations, certification of this Court order of September 23, 2014 will likely result in additional delay in the resolution of this case.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order denying the defendant's motion for reconsideration, and alternatively its motion for certification pursuant to 28 U.S.C. §1292(b).

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS,
      LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@kleinmanllc.com

7

## **CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on October 21, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing to the following parties via electronic mail:

Abraham Kleinman
akleinman@kleinmanllc.com

Andrew M. Burns
aburns@davidsonfink.com

Matthew J. Bizarro
mbizzaro@lbcclaw.com

Cathleen M. Combs
ccombs@edcombs.com


                                                              s/Tiffany N. Hardy
                                                              Tiffany N. Hardy