IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
ANDREW CARLIN, :
individually and on behalf of a class, :
: 2:13-cv-06062-JS-GRB
Plaintiff, :
:
v. :
:
DAVIDSON FINK LLP, :
:
Defendant. :
-----------------------------------------------------------------x

# PLAINTIFF'S BRIEF ADDRESSING WHICH CONSUMER DEBTORS ARE MEMBERS OF THE PUTATIVE CLASS

Tiffany N. Hardy
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

I. **Procedural Background**

Plaintiff Andrew Carlin commenced this class action lawsuit on October 31, 2013. Plaintiff alleged that defendant Davidson Fink LLP violated the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq.. Specifically, plaintiff alleges that defendant violated 15 U.S.C. §1692g by failing to provide the amount of the debt as required by 15 U.S.C. §1692g(a)(1).

By way of background, on June 24, 2013, Davidson Fink LLP filed, on behalf of Deutsche Bank National Trust Company a foreclosure action against Mr. Carlin in the Supreme Court, Nassau County. Defendant attempted to provide notice required by 15 U.S.C. §1692g as an attachment to the foreclosure complaint. Prior to receiving the complaint, Mr. Carlin had not received any letters or other communications from defendant Davidson Fink.

Subsequently, on July 12, 2013, Mr. Carlin sent a letter to Davidson Fink disputing the alleged debt. By letter dated August 9, 2013 (more than 5 days after Mr. Carlin's letter), defendant provided additional information about the debt. However, the defendant still failed to provide the amount of the debt as required by §1692g(a)(1).

Plaintiff has filed this action on behalf of himself and a class defined as (a) all individuals against whom Davidson Fink LLP filed a foreclosure complaint (b) without also providing a letter containing the amount of the debt presently owed, (c) which foreclosure complaint was filed or served on or after October 31, 2013 through November 20, 2013.

Subsequently, defendant moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12. Defendant's motion to dismiss was fully briefed on January 10, 2014. On September 23, 2014 Judge Seybert entered an opinion and order denying defendant's motion to dismiss. Subsequently, Defendant filed a motion for reconsideration of the Court's decisions of

2

September 23, 2014. Defendant's motion for reconsideration was fully briefed as of October 28, 2014 and the parties are presently awaiting a ruling from the Court.

**II.     Class Definition**

Plaintiff seeks to represent a class defined as (a) all individuals against whom Davidson Fink LLP filed a foreclosure complaint (b) without also providing a letter containing the amount presently owed, (c) which foreclosure complaint was filed or served on or after October 31, 2013 through November 20, 2013.

Although the Court in *Carlin v. Davidson LLP*, 13-cv-6062(JS)(GRB), 2014 WL 4826248, *6 (Sept. 23, 2014 E.D.N.Y) determined that the foreclosure complaint was not an initial communication and thus did not trigger disclosure requirements under §1692g(a); the court concluded that the subsequent communications between Carlin and defendant did. "Plaintiff has plausibly alleged that subsequent letters between Plaintiff and Davidson were initial communications." *Id* at *7.

Under this Court's ruling, plaintiff may represent a class that is comprised of all persons against who Defendants filed a foreclosure action and there was *any form of subsequent communication* with the alleged debtor (other than formal pleadings) following service of the foreclosure complaint, wherein Davidson Fink failed to provide a letter containing the amount of the debt.  Excluded from the class would be any debtor who has not had any contact or communication with the defendant. This situation would typically arise if the debtor could not be served or if the debtor defaulted without any contact with defendant.

Davidson seeks to unilaterally narrow plaintiff's class definition, by restricting the class to persons who sent a dispute letter such as the one sent by plaintiff.  This restriction is not

3

supported by the law or the facts.

Section 1692g of the FDCPA provides Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  <u>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--</u>**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing**

> that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section. (Emphasis added)

Thus, contrary to the defendant's representation, the disclosure requirements under §1692g are triggered by an initial communication between the debt collector and the consumer, not a written dispute letter sent by the debtor. Moreover, the initial communication <u>does not</u> have to be in writing. "Communication" is broadly defined in §1692a(2) as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Foti v. NCO Financial Systems*, 424 F. Supp.2d 643, 655 (S.D.N.Y. 2006). As such, any communication that defendant had with a debtor following the service of the foreclosure complaint, oral or written, triggered the disclosure requirements of §1692g.

**III.    Plaintiff is entitled to Discovery to Ascertain Who Satisfies the Class Definition**

According to Fed. R. Civ. P. 23(a), "one or more members of a class may

5

sue or be sued as representative parties on behalf of all members only if:

        (1) the class is so numerous that joinder of all members is impracticable;

        (2) there are questions of law or fact common to the class,

        (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; and

        (4) the representative parties will fairly and adequately represent protect the interest of the class." Fed. R. Civ. P. 23(a).

Further, a class action is appropriate if ". . .the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . ." Fed. R. Civ. P. 23(b)(3).

In Carlin, the Court held that plaintiff's preliminary motion for class certification was "DENIED WITHOUT PREJUDICE and may be renewed after Plaintiff obtains the facts necessary to meet his burden of establishing that Rule 23's requirements have been met."  Thus, Judge Seybert anticipated that plaintiff would need discovery from the defendant to met his burden of establishing the requirements of Fed. R. Civ. P. 23.

Defendant has unilaterally narrowed the class definition and then states that based on it narrowing of the class, that the numerosity requirement is not met.  Plaintiff is entitled to discovery and does not have to rely on the defendant's self-serving representations as to whether the requirements of Fed. R. Civ. P. 23 are met. With respect to class numbers and issues, see *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (C.D.Cal. 1990) ("[O]rder staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in

support of their class certification motion"); *Zahorik v. Cornell University*, 98 F.R.D. 27 (N.D.N.Y. 1983) (discovery is often necessary before plaintiffs can satisfy the requirements of Fed.R.Civ.P. 23(a)); *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977)(the propriety of class action status can seldom be determined on the basis of pleadings alone, and parties must be offered the opportunity to discover evidence on the issue.); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D.Ill. 1976); *Kelly v. Montgomery, Lynch & Associates, Inc.*, 1:07cv919, 2007 U.S.Dist. LEXIS 93651 (N.D.Ohio. Dec. 13, 2007). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule. . ." *Wal Mart Stores, Inc. v. Dukes*, 10-277, 131 S.Ct. 2541, 2551 (2011). Indeed, before certifying a class, a court may be obligated to "probe behind the pleadings before coming to rest on the certification question." *Id.* (citing, *General Telephone Co. v. Falcon*, 457 U.S. 147 at 160, 72 L.Ed. 2d 740 (1982)). See also, *Szabo v. Bridgeport, Inc.*, 249 F.3d 672 (7th Cir. 2001). Thus, prior to class certification, a plaintiff is entitled to discovery necessary to demonstrate that the requirements of Fed. R. Civ. P. 23 have been satisfied.

"Some degree of discovery may be necessary in order to make the necessary class determinations. . .where pleadings do not conclusively show Rule 23 requirements met, parties must be afforded opportunity to discover and present evidence on the issue." *Elliott v. ITT Corp.*, 1992 U.S. Dist. LEXIS 3108, *11, *13 (N.D. Ill. March 13, 1992) ; *Thomas v. Sheahan*, 370 F.Supp.2d 704, 714 (N.D. Ill. April 5, 2005)(citing *Elliott v. ITT Corp.*, 1992 U.S. Dist. LEXIS 3108)(Federal Rule of Civil Procedure 23 requires that class certification be decided as early as practicable, but that does not mean that the plaintiff must rest on his pleadings. . .the predominant view is to allow discovery before the motion for certification); *Lady Di's Inc., v.*

*Enhanced Services Billing, Inc.*, 2010 U.S. Dist. LEXIS 17565, *3 (S.D. Ind. Feb. 25, 2010). (discovery should be sufficiently broad that [plaintiff] has a fair and realistic opportunity to obtain evidence to satisfy Rule 23); *Kelly v. Montgomery, Lynch & Associates, Inc.*, 1:07-cv-919, 2007 U.S.Dist. LEXIS 93651 (N.D.Ohio. Dec. 13, 2007).

Plaintiff is entitled to discovery to explore the practices and procedures of defendant, how it maintains its records (which typically document all contacts with the debtors), how many consumers defendant had any communication with following the service of the foreclosure complaint and the nature of each such communication. Plaintiff is not required to accept the representations of the defendant and as such seeks sufficient time to engage in discovery on issues of relating to class certification as well as the merits of Mr. Carlin's claims.

**IV.     Conclusion**

Plaintiff is entitled to discovery concerning the identification of the class and whether the putative class satisfies the requirements of Fed. R. Civ. P. 23, and should not be forced to rely on defendant's representation concerning the same.

## **CERTIFICATE OF SERVICE**

      I, Tiffany N. Hardy, hereby certify that on December 22, 2014 the foregoing document was filed electronically, and notification of such filing was served via the Court's CM/ECF system upon the following:

Abraham Kleinman
akleinman@kleinmanllc.com

Andrew M. Burns
aburns@davidsonfink.com

Matthew J. Bizarro
mbizzaro@lbcclaw.com

                                            s/Tiffany N. Hardy
                                            Tiffany N. Hardy