UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDREW CARLIN,
individually and on behalf of a class,

                          Plaintiff,

           - v -

DAVIDSON FINK LLP,

                          Defendant.

Civil Action No.
13-CV-6062(JS)(GRB)

## DEFENDANT DAVIDSON FINK LLP'S
## MEMORANDUM OF LAW ADDRESSING THE
## PROPER DEFINITION OF THE PUTATIVE CLASS

**DAVIDSON FINK LLP**
Andrew M. Burns
Larry T. Powell
First Federal Plaza
28 East Main Street, Suite 1700
Rochester, New York 14614
(585) 784-4800

**L'ABBATE, BALKAN, COLAVITA**
**& CONTINI, L.L.P.**
Matthew J. Bizzaro
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

Attorneys for defendant
Davidson Fink LLP

## PRELIMINARY STATEMENT

Defendant Davidson Fink LLP ("Davidson Fink") submits this memorandum of law to address the proper definition of the putative class and respond to "Plaintiff's Brief Addressing Which Consumer Debtors Are Members Of The Putative Class" ("Plaintiff's Brief").

Based on the allegations in the complaint, the District Court's September 23, 2014 Memorandum and Order, and the requirements of Fed.R.Civ.P. 23, the putative class members must be limited to those individuals who, in response to receiving a summons and complaint from Davidson Fink that contained a notice pursuant to 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act ("FDCPA"): (i) sent a written notice to Davidson Fink requesting verification of the debt; and (ii) allegedly failed to receive from Davidson Fink a statement of the amount of the debt.

## PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

This action is brought by plaintiff Andrew Carlin ("Carlin" or "plaintiff") against Davidson Fink for an alleged violation of the FDCPA. Carlin alleges Davidson Fink violated 15 U.S.C. § 1692g(a)(1) of the FDCPA because it failed to furnish him with "a statement of the amount of the debt." (Complaint ¶ 26).

More specifically, plaintiff claims Davidson Fink attempted to provide a 15 U.S.C. § 1692g notice as an attachment to the Summons and Notice and Verified Complaint ("Foreclosure Complaint") in a foreclosure action Davidson Fink commenced on behalf of the lender, Deutsche Bank National Trust Company, as Trustee for the Holders of Morgan Stanley ABS Capital I Inc., Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3. (Complaint ¶ 13). Plaintiff alleges the Foreclosure Complaint failed to state the present amount

1

of the debt, but rather attached a "Schedule C" that listed the original loan amount and the principal balance owing. (Complaint ¶ 19). Carlin further alleges the Foreclosure Complaint claims unspecified interest, taxes, assessment, water rates, insurance premiums, escrow "and/or other charges" (referring to Foreclosure Complaint at ¶ "Seventh"). (Complaint ¶ 19).

Plaintiff alleges he sent Davidson Fink a letter dated July 12, 2013 (attached as Appendix B to the complaint) in which he disputed the debt and requested verification of the creditor, the debt, and the amount due, and the name and address of the original creditor. (Complaint ¶ 20 and Appendix B).

Plaintiff alleges Davidson Fink responded by letter dated August 9, 2013 (attached as Appendix C to the complaint) in which it enclosed a "pay-off statement" that stated the amount of the debt, but also stated that "the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued." (Complaint ¶ 22 and Appendix C). Plaintiff alleges that as a result, Davidson Fink did not verify the debt properly because it not provide the "amount of the debt" as required by 15 U.S.C. § 1692g(a)(1). (Complaint ¶ 23).

Based on Carlin's allegations, the gravamen of the complaint is that he sent a written notice to Davidson Fink (Appendix B to the complaint) requesting verification of the creditor, the debt, the amount due, and the name and address of the original creditor, and Davidson Fink's response violated 15 U.S.C. § 1692g(a)(1) of the FDCPA because it failed to provide the "amount of the debt."

2

Carlin purports to bring the complaint as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of: "(a) all individuals against whom Davidson Fink LLP filed a foreclosure complaint; (b) without also providing a letter containing the amount presently owed; (c) which complaint was filed or served on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action." (Complaint ¶ 28).

On December 20, 2013, Davidson Fink moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket # 15). By Memorandum and Order dated September 23, 2014, the Court denied Davidson Fink's motion to dismiss. (Docket # 23).[1] In doing so, however, the Court determined that pursuant to 15 U.S.C. § 1692g(d), Davidson Fink's inclusion of a 15 U.S.C. § 1692g notice in the Foreclosure Complaint was not an "initial communication." (Memorandum and Order at 16 – 17). After finding that nothing in the Foreclosure Complaint could constitute an "initial communication," the Court determined that Carlin plausibly alleged that his July 12, 2013 letter and Davidson Fink's August 9, 2013 letter in response were "initial communications." (Memorandum and Order at 21 – 22).

As recognized during the Initial Conference on November 13, 2014, based on the allegations in the complaint and the Court's Memorandum and Order, the class alleged in the complaint (Complaint ¶ 28) cannot be maintained and a new putative class must be defined before the case can proceed.

---

[1] Davidson Fink filed a motion seeking reconsideration of the denial of its motion to dismiss, or in the alternative, for certification pursuant to 28 U.S.C. § 1292(b). (Docket # 25). The motion is currently pending. Plaintiff did not seek reconsideration of any portion of the Memorandum and Order, nor did he request certification pursuant to 28 U.S.C. § 1292(b).

# POINT I

## THE PROPER DEFINITION OF THE PUTATIVE CLASS

Based on Carlin's allegations in the complaint, the Court's Memorandum and Order, and the requirements of Rule 23, the putative class must be defined to include only those individuals who, in response to receiving a summons and complaint from Davidson Fink containing a notice pursuant to 15 U.S.C. § 1692g of the FDCPA: (i) sent a written notice to Davidson Fink requesting verification of the debt; and (ii) allegedly failed to receive from Davidson Fink a statement of the amount of the debt.

Because the Court already determined in its Memorandum and Order that Davidson Fink's inclusion of a 15 U.S.C. § 1692g notice in the Foreclosure Complaint was not an "initial communication," the putative class can only include as class members those individuals who, like Carlin, sent a written notice to Davidson Fink asking for verification of the debt, and who received a written response from Davidson Fink that allegedly failed to provide the amount of the debt. This is necessarily so because 15 U.S.C. § 1692g(b)(4) requires a consumer to notify the debt collector in writing when requesting verification of the debt. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Diaz v. Residential Credit Solutions, Inc.*, 965 F. Supp. 2d 249, 258 (E.D.N.Y. 2013). While the language in 15 U.S.C. § 1692g(a)(3) does not require a consumer to dispute a debt in writing, the language in § 1692g(a)(4) specifically states that the consumer must notify the debt collector "in writing" to obtain verification of the debt, and the language in § 1692g(a)(5) states that a consumer can seek "the name and address of the original creditor" only "upon the consumer's written request." Thus, a

4

debt collector must receive a request in writing by a consumer before it is required to verify the debt by providing the amount of the debt or the name and address of the original creditor.

## POINT II

### PLAINTIFF'S PROPOSED CLASS DEFINITION MUST BE REJECTED

Before the case may be maintained as a class action, plaintiff must establish the following requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In a transparent attempt to increase the number of potential class members to satisfy the numerosity requirement of Rule 23,[2] Carlin argues that the putative class should be defined as ". . . all persons against who Defendants filed a foreclosure action and there was **any form of subsequent communication** with the alleged debtor (other than formal pleadings) following service of the foreclosure complaint, wherein Davidson Fink failed to provide a letter containing the amount of the debt." (Plaintiff's Brief at 3) (emphasis added).

Carlin's proposed definition of the class (which notably includes any debtor who telephoned Davidson Fink for any reason) ignores the allegations of liability he makes in the complaint, ignores the

---

[2] Generally, the numerosity requirement is presumed if there are 40 or more class members. *See Karvaly v. Ebay, Inc.*, 245 F.R.D. 71, 81 (E.D.N.Y. 2007); *In re Merrill Lynch Tyco Research Securities Litigation*, 249 F.R.D. 124, 130 (S.D.N.Y. 2008).

5

requirements to establish liability under the FDCPA, and on its face, fails to satisfy the commonality and typicality requirements of Rule 23(a).

A debtor may contact Davidson Fink after being served with a summons and complaint in a foreclosure action for a wide variety of reasons that do not involve a request for debt verification. Further, numerous courts have recognized that communications instituted by the debtor do not qualify as an "initial communication" under the FDCPA. *See, e.g., Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 387 (E.D.N.Y. 2011) ("In the Court's view, by describing the 'initial communication' as being 'in connection with the collection of any debt" Congress was identifying an attempt *by the debt collector* to collect the debt.") (emphasis in original); *Roth v. Citimortgage Inc.*, 2013 U.S. Dist. LEXIS 131861, *31 (E.D.N.Y. Sept. 11, 2013) ("The FDCPA was intended to protect consumers from communications initiated by debt collectors, not consumers."); *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 368 – 369 (D. Conn. 2012) ("Courts in this circuit have held that the 'FDCPA's protections are not triggered by communications initiated by someone other than the debt collector.'") (*quoting Boyd v. J.E. Robert Co.*, 2010 U.S. Dist. LEXIS 140905, at * 42 (E.D.N.Y. Mar. 31, 2010)); *Gorham-Dimaggio v. Countrywide Home Loans,* Inc., 2005 U.S. Dist LEXIS 34237, *7 (N.D.N.Y. Aug. 30, 2005) (court concludes that when the consumer initiates the communication, many of the policy reasons behind the FDCPA disappear) (*citing Kropelnick v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)).

Carlin's proposed definition is fatally defective because it fails to recognize that an individual cannot become an eligible member of a purported class simply by calling the law firm that served the individual with a summons and complaint in a foreclosure action. Rather, to be a

member of a purported class, the individual must be able to allege the same common contention as other purported class members, and these alleged facts must then be able to state a viable cause of action against the defendant.

The fallacy in plaintiff's definition is that he erroneously suggests that if Davidson Fink is called by a debtor after instituting a foreclosure action, Davidson Fink must then automatically send a letter to the debtor containing the amount of the debt, and if it fails to do so, it is liable under the FDCPA. Nothing in the FDCPA requires Davidson Fink to send a letter to the debtor containing the amount of the debt merely because it received a phone call from a debtor. *See Hooks*, 717 F.3d 282, 286 (recognizing that debtors can protect certain basic rights in the FDCPA through an oral dispute, but it "makes sense to require debtor consumers to take the *extra* step of putting a dispute in writing before claiming the more burdensome set of rights" in § 1692g(a)(4) and (a)(5), which "call for affirmative steps on the part of the debt collector") (emphasis added).

Further, the required elements of commonality and typicality in Rule 23(a) may only be established if the class is defined to comport with the allegations in Carlin's complaint. However it is clear that based on his allegations in the complaint, Carlin lacks commonality and typicality with members of his proposed class.

The "party seeking class certification must affirmatively demonstrate . . . compliance with [Rule 23]." *St. Stephen's School v. PricewaterhouseCoopers Accountants N.V.*, 570 Fed. Appx. 37, 39 (2d Cir. 2014) (*quoting Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011)). A "district court may only certify a class if it 'is satisfied after a rigorous analysis,' that the requirements of Rule 23 are met." *St. Stephen's School*, 570 Fed. Appx. at 39 (*quoting General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)).

7

For Carlin to meet the commonality requirement, he must show "the class members have suffered the same injury, but this does not mean that they have merely suffered a violation of the same law." *Velasquez v. Digital Page, Inc.*, 2014 U.S. Dist. LEXIS 171720, *10 (E.D.N.Y. Dec. 9, 2014) (*quoting Dukes*, 131 S.Ct. at 2551). "Rather, the claims must depend on a 'common contention' -- the resolution of which will determine the validity of each of the claims 'in one stroke.'" *Id.* The relevant issue for class certification is not the "common questions," but the ability to generate "common answers." *Id.*; *see also Enriquez v. Cherry Hill Market Corp.*, 993 F. Supp.2d 229, 233 (E.D.N.Y. 2014) ("Rather, the class claims 'must depend upon a common contention . . . of such a nature that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity in one stroke'") (*quoting Dukes*, 131 S.Ct. at 2551).

Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove defendant's liability." *Kaczmarek v. Int'l Business Machines Corp.*, 186 F.R.D. 307, 313 (S.D.N.Y. 1999) (*quoting In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992)); *see also Scott v. New York City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 355 (S.D.N.Y. 2004) (Typicality requirement for class certification was not met in ERISA action against employee benefit plan and its officers and trustees); *Diaz v. Electronics Boutique of America, Inc.*, 2005 U.S. Dist. LEXIS 30382, *26 (W.D.N.Y. Oct. 13, 2005) ("individualized nature of the claims alleging incorrect exemption status preclude meeting the typicality requirement").

Carlin cannot certify a class using his proposed definition because his individual claim lacks commonality and typicality with the purported members of his defined class. Specifically,

Carlin does not allege that he telephoned Davidson Fink to request debt verification or for any other reason. Instead, Carlin seeks to impose liability on Davidson Fink based on his contention that he made a written request to Davidson Fink to verify the debt, and Davidson Fink violated 15 U.S.C. § 1692g(a)(1) of the FDCPA because it failed to furnish Carlin with the "amount of the debt." Because Carlin's key allegations do not share a common contention or arise from the same course of events with debtors who telephoned Davidson Fink after being served with a foreclosure complaint for a plethora of reasons, and did not request debt verification, Carlin lacks commonality and typicality with his proposed class members. For the same reason, resolution of plaintiff's single cause of action will not determine the validity of the claims of those individuals who contacted Davidson Fink by telephone, further demonstrating that Carlin lacks commonality and typicality with his proposed class members. Accordingly, plaintiff's proposed class definition must be rejected.

Finally, Carlin's argument regarding the need for discovery is a red herring. Davidson Fink does not dispute that plaintiff is entitled to conduct class-related discovery to determine whether or not he is able to establish the requirements in Rule 23(a). The issue now before the Court is the proper definition of the putative class, not Carlin's right to conduct class-related discovery. Once the class is defined, the parties can then address the issue of class-related discovery.

## CONCLUSION

For the foregoing reasons, the putative class members must be limited to those individuals who, in response to receiving a summons and complaint from Davidson Fink containing a notice pursuant to 15 U.S.C. § 1692g of the FDCPA: (i) sent a written notice to

Davidson Fink requesting verification of the debt; and (ii) allegedly failed to receive from Davidson Fink a statement of the amount of the debt.

Dated:  January 12, 2015

**DAVIDSON FINK LLP**

/s/ Andrew M. Burns
Andrew M. Burns
Larry T. Powell
First Federal Plaza
28 East Main Street, Suite 1700
Rochester, New York 14614
(585) 784-4800

**L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.**

/s/ Matthew J. Bizzaro
Matthew J. Bizzaro
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

Attorneys for defendant
   Davidson Fink LLP

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, I electronically filed the foregoing Defendant's memorandum of law addressing the proper definition of the putative class with the U.S. District Court Clerk using the ECF system, which sent notification of such filing to the following:

    Abraham Kleinman - akleinman@kleinmanllc.com

    Tiffany N. Hardy - thardy@edcombs.com

    Cathleen M. Combs - ccombs@edcombs.com

                          /s/ Matthew J. Bizzaro