IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ANDREW CARLIN,                                              :
individually and on behalf of a class,                      :
                                                                            :  2:13-cv-06062-JS-GRB
                Plaintiff,                              :
                                :
    v.                                                     :
                                :
DAVIDSON FINK LLP,                                          :
                                :
                Defendant.                            :
---------------------------------------------------------------x

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM ADDRESSING THE DEFINITION OF THE PUTATIVE CLASS**

Tiffany N. Hardy
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Defendant Davidson Fink LLP ("Davidson") asserts that the class that plaintiff Andrew Carlin seeks to represent in his claim that Davidson violated the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by failing to provide the amount of the debt as required by 15 U.S.C. §1692g(a)(1), can only include as class members persons who "sent a written notice to Davidson Fink asking for verification and who received a written response from Davidson Fink that allegedly failed to provide the amount of the debt." Defendant Davidson Fink LLP's Memorandum of Law Addressing the Proper Definition of the Putative Class ("Def. Mem.") at 4. 15 U.S.C. §1692g(a) is not so narrow. It requires a debt collector in connection with the collection of any debt to provide a Notice of Debt including the "amount of the debt" within five days **after the initial communication** with a consumer. As this Court determined, *Carlin v. Davidson LLP*, 13-cv-6062(JS)(GRB), 2014 WL 4826248, *5 (Sept. 23, 2014 E.D.N.Y), although a foreclosure complaint is not an initial communication and thus does not trigger a disclosure requirement under §1692g(a), subsequent communications are. ("Plaintiff has plausibly alleged that subsequent letters between Plaintiff and Davidson were initial communications." *Id* at *6).

Under this Court's ruling, plaintiff may represent a class that is comprised of all persons against who Defendants filed a foreclosure complaint including an FDCPA notice and there was *subsequent communication* to collect the debt with the alleged debtor (other than formal pleadings) following service of the foreclosure complaint, where Davidson Fink failed to provide a letter containing the amount of the debt within 5 days of such subsequent communication.

Contrary to Davidson's assertions, (1) this Court has already determined that Davidson's inclusion of a "Notice Required By the Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 1601As Amended." ("Davidson FDCPA Notice') with the foreclosure complaint and summons supports a plausible claim that a subsequent communication between the law firm and a consumer is "an initial communication and not an unsolicited consumer request for information", *Id.*; (2) there is nothing in 15 U.S.C. §1692g(a) that requires an "initial

2

communication" to be in writing or limits it to requests for verification; and (3) plaintiff can adequately represent class members who engaged in oral communications with defendant.

I.  **DEBTOR'S COMMUNICATIONS, IN RESPONSE TO DAVIDSON'S FORECLOSURE COMPLAINT CONTAINING "FDCPA NOTICES", ARE NOT "INITIATED BY THE CONSUMER"**

Davidson argues that a communication between it and a foreclosure defendant who contacts Davidson after being served with a foreclosure complaint and summons is not an "initial communication" because it is "instituted" by the debtor. However, Davidson carefully uses the term "instituted" rather than "initiated" because this Court has already determined that the communications from a mortgage foreclosure defendant to Davidson after the debtor has been served with a complaint and summons containing the (flawed) FDCPA Notice is a communication that has been "initiated" by the service of the foreclosure papers. *Carlin v. Davidson LLP*, 2014 WL 4826248,*8.

15 U.S.C. §1692g(d) exempts formal pleadings in a civil action when clearly they would otherwise require the 1692g disclosures. But 15 U.S.C. §1692g(d) does not forever exempt a debt collector from being required to provide 15 U.S.C. §1692g disclosures. Surely when a debtor appears in court in response to the foreclosure complaint and is instructed by the court to talk to the attorney for the mortgage company about resolving the matter, the ensuing conversation is an initial communication that triggers the §1692g requirement.

Although the complaint and summons are not "initial communications", any subsequent communication between the debtor and the foreclosure attorney in response to the foreclosure complaint is an "initial communication" under the Act.

In support of its argument, Davidson relies on cases that this Court distinguished in its September 23, 2014 Memorandum and Order: *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp. 2d 311, 329 (D.Conn. July 23, 2012 ), quoting *Boyd v. J.E. Robert Co.*, No. 05-CV-2455 2010 WL 5772892, at *13 (E.D.N.Y. Mar. 31, 2010), and *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 U.S. Dist LEXIS 34237, *7 (N.D.N.Y. Aug. 30, 2005),

3

citing *Kropelnick v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp.2d 382, (E.D.N.Y. 2011). Davidson cites these cases for the proposition that if a communication initiated by a consumer cannot be an "initial communication" under the FDCPA. In its Memorandum and Order, this Court noted that "courts have drawn a distinction between a debt collector's initial collection letter and a debt collector's response to an unsolicited consumer request for information- - the former being an 'initial communication' and the latter not." *Carlin v. Davidson LLP*, 2014 WL 4826248, *7. This Court that "the July 12th letter was hardly an unsolicited request for information." *Carlin v. Davidson LLP*, 2014 WL 4826248 *8.

This court found that the fact that here the foreclosure summons and complaint contained an FDCPA Notice, that stated that Davidson will assume that the alleged debt is valid unless the debtor disputes it and that Davidson is a law firm collecting a debt, distinguished it from the cases cited by Davidson. *Carlin v. Davidson LLP*, 2014 WL 4826248, *8.

In *Roth v. CitiMortgage Inc.*, No. 12 CV 2446 SJF WDW, 2013 WL 5205775, at *10 (E.D.N.Y. Sept. 11, 2013) aff'd, 756 F.3d 178 (2d Cir. 2014), also cited by Davidson, the Court of Appeals held that there was no FDCPA claim because CitiMortgage was involved with the debt prior to default, making the FDCPA inapplicable. The district court went on to state that the communication did not did not give rise to an FDCPA violation because it did not demand payment, but related to debt restructuring, and therefore did not seek collection of a debt. This conclusion is questionable and contrary to *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010), not cited by the district court in *Roth*. *Gburek* squarely holds that communications about restructuring a defaulted debt are made to collect that debt. Logically, restructuring a defaulted debt in order to make it more affordable results in the collection of that debt.

The class as defined by plaintiff consist of persons who were served with a summons and a complaint containing a debt collection notice that advised that the notice was being sent in by a debt collector law firm in connection with the collection of a debt and advised the debtor to

contact the law firm if he disputes the debt. Any debtor/defendant who called or otherwise communicated with the law firm in response to the debt notice would be a putative class member.

## II.  NOTHING IN §1692g(a) REQUIRES THAT AN INITIAL COMMUNICATION CONCERN A REQUEST FOR VERIFICATION

Davidson contends that only requests for debt verification can be "initial communications," Def. Mem at 6. It argues that debtors call its office for a variety of reasons unrelated to debt verification after being served with a foreclosure complaint and summons with a Davidson FDCPA Notice. There is nothing about 15 U.S.C. §1692g(a) that requires an initial communication to involve a request for verification. There is no reason why a debtor would call an attorney after being sued by that attorney for foreclosure other than to discuss the debt or the legal proceedings instituted to collect it. If a borrower calls Davidson, in response to the foreclosure papers, to ask "How much do I have to pay to reinstate my loan?" or to say "How and when do I surrender the property so the lender can get it in good condition and my liability is minimized?" or "I'm out of work and can't pay but can arrange a short sale so the plaintiff can get as much of its money as possible" or "Can I enter into a payment plan for the arrearage?", it is hardly an unsolicited request for information. He is responding to the foreclosure documents and the notices sent by Davidson in connection with the collection of a debt.

## III.  NOTHING IN §1692g(a) REQUIRES THAT AN INITIAL COMMUNICATION BE IN WRITING

Davidson argues that only class members who communicated with it in writing are members of the putative class in this matter. However, nothing in 15 U.S.C. §1692g(a) requires that initial communications must be in writing. Indeed it is clear that it need not be, as debt collectors often initially contact debtors by telephone. *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st. Cir. 1998). Clearly the Act did not contemplate exempting from the disclosure requirement initial communications made by the debt collector over the telephone.

Davidson concedes that the FDCPA does not require a debtor to put a dispute in writing. 15 U.S.C. §1692g(a)(3). Def. Mem. at 4. Thus even though Davidson would not be required to verify the debt or cease collection of the debt if the debt is not in writing (15 U.S.C. §§1692g(a)(3), (4) & (5) and (b)), an oral contact initiated by the debtor in response to Davidson's FDCPA Notice would not be unsolicited and would constitute an "initial communication."

### IV.   DISCOVERY IS NECESSARY TO ASCERTAIN THE CLASS FROM DAVIDSON'S RECORDS

Davidson argues that plaintiff's request for discovery in connection with the class motion is a red herring. Inconsistently, Davidson also contends that plaintiff "must affirmative demonstrate compliance with Rule 23" (Def. Mem., p. 7) by evidence, which is obtainable only by discovery. Davidson contends that it has received "unsolicited requests for information in response to its foreclosure complaints", but refuses to allow plaintiff to explore what these requests are or why they would be directed to Davidson except for the fact that the summons and complaint directs the consumer to contact Davidson. Plaintiff is entitled to explore the nature of Davidson's records regarding such communications.

Plaintiff is entitled to discovery to explore the practices and procedures of defendant, how it maintains its records (which typically document all contacts with the debtors), how many consumers defendant had any communication with following the service of the foreclosure complaint and the nature of each such communication.

### V.   PLAINTIFF CAN ADEQUATELY REPRESENT ANY CLASS MEMBER WHO HAD A COMMUNICATION WITH DAVIDSON AFTER THE SERVICE OF A COMPLAINT AND SUMMONS

Because Davidson did not have a practice of complying with the disclosure requirements of §1692g(1) by providing the "amount of the debt", plaintiff is adequate to represent individuals who had communications with Davidson, whether it was a communication with Davidson attorneys in court in connection with a mortgage foreclosure hearing or through a written dispute letter or request for verification. In both instances Davidson violated the rights of the individuals in the same way, by not providing the disclosures required by 1692g(1) of the

FDCPA. The damages for each individual is the same. It is the behavior of Davidson that is common among class members. Thus plaintiff's claim has commonality and is typical of a class including those who communicated orally with Davidson and those who communicated in writing.

## VI.     CONCLUSION

The class should be defined as all persons against whom Defendants filed a foreclosure complaint including an FDCPA notice and there was a *subsequent communication* about the debt with the alleged debtor (other than formal pleadings) following service of the foreclosure complaint, where Davidson Fink failed to provide a letter containing the amount of the debt within 5 days of the subsequent communication. However, plaintiff is entitled to discovery concerning the nature of the putative class members' communications with defendant through discovery of defendant's records.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## CERTIFICATE OF SERVICE

      I, Tiffany N. Hardy, hereby certify that on January 20, 2015 the foregoing document was filed electronically, and notification of such filing was served via the Court's CM/ECF system upon the following:

Abraham Kleinman
akleinman@kleinmanllc.com

Andrew M. Burns
aburns@davidsonfink.com

Matthew J. Bizarro
mbizzaro@lbcclaw.com

                                              s/Tiffany N. Hardy
                                              Tiffany N. Hardy

T:\28793\Pleading\Plaintiff's Reply re Class Definition_DAE_Pleading.WPD