UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDREW CARLIN,
individually and on behalf of a class,

                                    Plaintiff,

                - v -

DAVIDSON FINK LLP,

                                    Defendant.

Civil Action No.
13-CV-6062(JS)(GRB)

## DEFENDANT DAVIDSON FINK LLP'S
## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
## FOR CERTIFICATION PURSUANT TO 28 U.S.C. §1292(b)

**DAVIDSON FINK LLP**
Andrew M. Burns
Larry T. Powell
First Federal Plaza
28 East Main Street, Suite 1700
Rochester, New York 14614
(585) 784-4800

**L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.**
Matthew J. Bizzaro
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

Attorneys for defendant
  Davidson Fink LLP

## PRELIMINARY STATEMENT

Defendant Davidson Fink LLP ("Davidson Fink") respectfully submits this reply memorandum of law in further support of its motion for reconsideration of the Court's September 23, 2014 Memorandum and Order pursuant to Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, for certification of the Order pursuant to 28 U.S.C. § 1292(b).

## ARGUMENT

### I.     MOTION FOR RECONSIDERATION

In its initial memorandum of law, Davidson Fink established that the Court's Memorandum and Order is erroneous and overlooked certain arguments and decisions presented to the Court by Davidson Fink in support of its motion to dismiss.  In response, plaintiff Andrew Carlin ("Plaintiff" or "Carlin") ignores Davidson Fink's substantive arguments and simply contends that Davidson Fink's arguments are repetitive of what Davidson Fink argued in support of its motion.  Plaintiff is incorrect.

In its motion for reconsideration, Davidson Fink referred the Court to controlling decisions and factual matters that were submitted in support of Davidson Fink's motion to dismiss but were not considered (or not fully considered) by the Court in its Memorandum and Order.

First, the Court overlooked the markedly different factual situation at issue in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), and the facts alleged by Carlin, as well as the full import of the decisions and analysis of cases from the Eastern District of New York (*Boyd v. J.E. Robert Co.*, 2012 U.S. Dist. LEXIS 142688, at *23 (E.D.N.Y. Oct. 2, 2012); and *Boyd v. J.E. Robert Co.*, 2013 U.S. Dist. LEXIS 140546 (E.D.N.Y. Sept. 27, 2013)),

and district court cases from other districts in the Second Circuit (*Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 362 – 363 (D. Conn. 2012); *Derisme v. Hunt Leibert Jacobson, P.C.*, 2013 U.S. Dist. LEXIS 38967, at *5 (D. Conn. March 21, 2013)).

Second, in stating that "[j]ust because Davidson commenced a foreclosure action does not mean that every subsequent communication with Plaintiff is automatically not for the purpose of debt collection" (Memorandum and Order at 24), the Court overlooked that under New York Law, "[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." *Gizzi v. Hall*, 309 A.D.2d 1140, 1141 (3rd Dep't 2003). By proceeding to foreclosure on the property, Carlin's lender elected its remedy, and Davidson Fink could not (and did not) seek to collect the amount owed under Carlin's note when it commenced the Foreclosure Complaint.

Third, by concluding that Carlin plausibly alleged that Davidson Fink was attempting to collect a debt from Plaintiff when Davidson Fink commenced the Foreclosure Action, the Court overlooked that part of the decision and reasoning in *Derisme*, 880 F. Supp. 2d at 360 – 361, that specifically rejected this argument in the same factual context.

Fourth, the Court incorrectly assumed there is always a debt to collect through foreclosure and overlooked the distinction between foreclosing on a security interest and collecting a debt.

Fifth, in finding that Carlin plausibly alleged that his July 12, 2013 letter and Davidson Fink's August 9, 2013 letter in response were "initial communications," the Court overlooked the facts and analysis in *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) and other cases that demonstrate Carlin's letter to Davidson Fink cannot be an "initial

communication" as a matter of law. *See also Roth v. Citimortgage Inc.*, 2013 U.S. Dist. LEXIS 131861, *31 (E.D.N.Y. Sept. 11, 2013); *Derisme*, 880 F. Supp. 2d at 368 – 369; *Gorham-Dimaggio v. Countrywide Home Loans*, Inc., 2005 U.S. Dist LEXIS 34237, *7 (N.D.N.Y. Aug. 30, 2005); *see also Campbell v. Credit Bureau Services, Inc.*, 655 F. Supp. 2d 732, 741 (E.D. Ky. 2009).

Sixth, in concluding that Carlin plausibly alleged that Davidson Fink's August 9, 2013 letter and attachments that supplied the information Carlin requested in his July 12, 2013 letter might constitute an "initial communication," the Court overlooked cases from this district and districts within the Second Circuit that recognize that letters by debt collectors responding to a request for information do not constitute an "initial communication." *See, e.g., Boyd*, 2010 U.S. Dist. LEXIS 140905, at *42; *Gorham-Dimaggio v. Countryside Home Loans, Inc.,* 2005 U.S. Dist LEXIS 34237 (N.D.N.Y. Aug. 30, 2005).

Seventh, by finding that Davidson Fink's August 9, 2013 letter might plausibly be an "initial communication," the Court overlooked that the purported "initial communication" was made after the matter was already in litigation, Carlin was entitled to discovery and the protection of the state court and his attorney in the Foreclosure Action, and the "the protective purposes of the FDCPA typically are not implicated when a debtor is instead protected by the court system and its officers." *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89 (2d Cir. 2012).

Finally, in giving significance to Davidson Fink's 15 U.S.C. § 1692g notice in the Foreclosure Complaint, the Court overlooked cases that hold that the cautionary inclusion of FDCPA notices and disclaimers in communications with a debtor does not make one a debt collector under the FDCPA. *See, e.g., Kapsis v. American Home Mortgage Servicing Inc.*, 923

F. Supp. 2d 430, 440 (E.D.N.Y. 2013); *Caires v. JP Morgan Chase Bank, N.A.*, 880 F. Supp. 2d 288, 306 (D. Conn. 2012).

In short, the arguments Davidson Fink made in its initial memorandum of law in support of its motion for reconsideration and in this reply memorandum were not considered (or were not fully considered) by the Court, and had they been considered in full, "might reasonably have altered the result" reached by the Court. *VR Global Partners, L.P. v. Bennett*, 2008 U.S. Dist. Lexis 97016, at *6 (S.D.N.Y. Nov. 20, 2008).

When these arguments are fully considered, the Court should find as a matter of law that (1) Davidson Fink did not act as a "debt collector" engaged in "the collection of any debt" pursuant to 15 U.S.C. § 1692g; and (2) there was no "initial communication" triggering 15 U.S.C. § 1692g(a), thus Davidson Fink had no legal obligation to provide any information regarding the debt to Carlin.

## II.     MOTION FOR CERTIFICATION

Carlin argues that certification should be denied because "the issues raised by the defendant are either (1) already settled law, or (2) are already pending before the Second Circuit Court of Appeals." Carlin's Memorandum of Law at p. 3.

According to Carlin, the Second Circuit's decision in *Vincent v. Money Store*, 736 F.3d 88 (2d Cir. 2013) is dispositive of the issue in this case whether the FDCPA applies to the enforcement of a security interest through lien foreclosure. Carlin is wrong.

First, in the Court's Memorandum and Order, the Court does not cite *Vincent*. If, as Plaintiff claims, *Vincent* is dispositive, the Court undoubtedly would have cited to it.

Second, *Vincent* is not dispositive of whether the FDCPA applies to the enforcement of a security interest through lien foreclosure. The issue for the Second Circuit in *Vincent* was

whether the FDCPA applied to a mortgage lender who purchased mortgages initially payable to other lenders and, after the homeowners defaulted, hired a law firm to send allegedly deceptive debt collection letters on its behalf. *Vincent*, 736 F.3d at 90.  In *Vincent*, plaintiffs alleged that The Money Store used the name of a law firm when it hired the law firm to send out thousands of collection letters that falsely indicated that the law firm had been retained to collect the debts The Money Store was collecting. *Vincent*, 736 F.3d at 91.  The Second Circuit held that "[w]here a creditor, in the process of collecting its own debts, hires a third party for the express purpose of representing to its debtors that the third party is collecting the creditor's debts, and the third party engages in no bona fide efforts to collect those debts, the false name exception exposes the creditor to FDCPA liability." *Vincent*, 736 F.3d at 91.

Significantly, the question for the Second Circuit in *Vincent* was whether The Money Store could be held liable for the allegedly deceptive debt collection letters. Here, Davidson Fink is not being sued for sending out any debt collection letters, and the legal issue raised by Davidson Fink's motion to dismiss is whether the FDCPA applies to the enforcement of a security interest through lien foreclosure. *Vincent* does not address this issue and thus *Vincent* is not relevant to this case.

Likewise, the appeal of the Western District of New York's decision in *Hart v. FCI Lender Services, Inc.*, 2014 U.S. Dist. LEXIS 5313 (W.D.N.Y. Jan. 15, 2014), does not provide any basis to deny certification of this Court's Order to the Second Circuit.

In *Hart*, the Court granted defendant's motion to dismiss a case alleging a violation of the FDCPA.  In that case, pursuant to the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(c), defendant FCI sent a form letter to plaintiff entitled "Transfer of Servicing Letter" advising that as of a specified date, the servicing of plaintiff's mortgage loan had been

transferred to FCI, and provided an address for plaintiff to send all payments, including past due payments. *Hart*, 2014 U.S. Dist. LEXIS 5313 at *4. The notice did not set forth the total amount owed, the amount of each monthly payment, any past due amount, or state that the loan was in default. *Id.* at *5. The notice contained language that generally tracked the FDCPA, 15 U.S.C. § 1692g, but not exactly. *Id.* at *6.

Plaintiff sued FCI alleging the transfer-of-servicing letter violated the FDCPA because the letter did not comply with 15 U.S.C. § 1692g. The court determined that the transfer-of-servicing letter was not a communication with a consumer in connection with the collection of any debt, and therefore was not subject to 15 U.S.C. § 1692g. *Id.* at *19. The court noted that the letter did not attempt to induce plaintiff to make a payment, but assumed that plaintiff would be making payments and directed where the payments should be sent. *Id.* at 20. The court determined that the letter was informational in nature, and did not reference any amount owed or threaten to take any action if payment was not made. *Id.*

Davidson Fink agrees *Hart* was correctly decided and that a communication that is informational in nature does not implicate 15 U.S.C. § 1692g. However, because the transfer-of-servicing letter in *Hart* was a different communication than Carlin's July 12, 2013 letter to Davidson Fink and Davidson Fink's August 9, 2013 letter in response, it cannot be said with certainty that if *Hart* is affirmed by the Second Circuit, Carlin will agree that there was no initial communication in this case as a matter of law. Indeed, the most Carlin says about *Hart* is that the Second Circuit's decision "is likely to shed light on the issues Defendant purports to raise here." Carlin's Memorandum of Law at p. 6. Under these circumstances, the pendency of the appeal in *Hart* does not support the denial of Davidson Fink's motion for certification to the Second Circuit.

-6-

Despite Carlin's arguments to the contrary, as established in Davidson Fink's initial memorandum of law, if the Court denies reconsideration of its Memorandum and Order, certification of the Order to the Second Circuit is appropriate because (1) a "controlling question of law" exists; (2) there is "a substantial ground for difference of opinion exists as to the indentified controlling question of law"; and (3) certifying the Order would materially advance the ultimate termination of the litigation." *New York v. Gutierrez*, 623 F. Supp. 2d 301, 316 – 317 (E.D.N.Y. 2009).

## CONCLUSION

For the reasons stated in Davidson Fink's initial memorandum of law and this reply memorandum, Davidson Fink respectfully requests that the Court grant reconsideration of its Memorandum and Order and dismiss the complaint or, in the alternative, certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated:   October 28, 2014

**DAVIDSON FINK LLP**

/s/ Andrew M. Burns
Andrew M. Burns
Larry T. Powell
First Federal Plaza
28 East Main Street, Suite 1700
Rochester, New York 14614
(585) 784-4800

**L'ABBATE, BALKAN, COLAVITA**
**& CONTINI, L.L.P.**

/s/ Matthew J. Bizzaro
Matthew J. Bizzaro
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

Attorneys for defendant
    Davidson Fink LLP

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2014, I electronically filed the foregoing Defendant's Reply Memorandum of Law in Further Support of Its Notice of Motion to Reconsider, or in the Alternative, For Certification with the U.S. District Court Clerk using the ECF system, which sent notification of such filing to the following:

Abraham Kleinman - akleinman@kleinmanllc.com

Tiffany N. Hardy - thardy@edcombs.com

Cathleen M. Combs - ccombs@edcombs.com

Matthew J. Bizzaro - mbizzaro@lbcclaw.com


/s/ Andrew M. Burns