```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANDREW CARLIN, individually and on
behalf of a class,

                        Plaintiff,
                                                MEMORANDUM & ORDER
         -against-                              13-CV-6062(JS)(GRB)

DAVIDSON FINK LLP,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Abraham Kleinman, Esq.
                    Kleinman, LLC
                    626 RXR Plaza
                    Uniondale, NY 11556-0626

                    Tiffany N. Hardy, Esq.
                    Cathleen M. Combs, Esq.
                    Edelman, Combs, Latturner
                       & Goodwin, LLC
                    120 S. Lasalle Street, 18th Floor
                    Chicago, IL 60603

For Defendant:      Matthew J. Bizzaro, Esq.
                    L'Abbate, Balkan, Colavita
                       & Contini, LLP
                    1001 Franklin Avenue, 3rd Floor
                    Garden City, NY 11530

                    Andrew M. Burns, Esq.
                    Davidson Fink LLP
                    28 East Main Street, Suite 1700
                    Rochester, NY 14614
```

SEYBERT, District Judge:

        Plaintiff Andrew Carlin ("Plaintiff") commenced this putative class action against defendant law firm Davidson Fink LLP ("Davidson Fink"), alleging that Davidson Fink violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.,

in connection with a residential foreclosure proceeding filed in New York State Supreme Court, Nassau County.  Currently pending before the Court is Davidson Fink's motion for reconsideration of the Court's September 23, 2014 Memorandum and Order denying Davidson Fink's motion to dismiss the Complaint or, in the alternative, for certification pursuant to 28 U.S.C. § 1292(b).  (Docket Entry 25.)  For the following reasons, the Court GRANTS reconsideration, VACATES the prior order denying dismissal (Docket Entry 25), and GRANTS Davidson Fink's motion to dismiss the Complaint (Docket Entry 15).

## BACKGROUND

The Court presumes familiarity with the factual background of this case, which is set forth in detail in the Court's order denying Davidson Fink's motion to dismiss (the "Order Denying Dismissal").  See Carlin v. Davidson Fink LLP, No. 13-CV-6062, 2014 WL 4826248, at *1-3 (E.D.N.Y. Sept. 23, 2014).

On June 24, 2013, non-party Deutsche Bank National Trust Company, through Davidson Fink, filed a summons and complaint against Plaintiff in New York State Supreme Court, Nassau County, seeking to foreclose on Plaintiff's real property located in Sea Cliff, New York (the "Foreclosure Complaint").  (Compl. ¶ 13, App. A.)  Plaintiff commenced the present action on October 31, 2013, alleging that Davidson Fink violated Section 1692g(a) of the FDCPA, which requires a debt collector to send a consumer a written notice

2

containing, inter alia, the amount of the alleged debt within five days after an "initial communication with [the] consumer in connection with the collection of [the] debt." 15 U.S.C. § 1692g(a). Plaintiff alleged that Davidson Fink was a "debt collector" and that it "attempted to provide the notice required by [§ 1692g(a) of the FDCPA]" by attaching a debt collection notice (the "Debt Collection Notice") to the Foreclosure Complaint and by sending Plaintiff a "Payoff Statement" after he requested validation of the amount of the debt in accordance with the FDCPA. (Compl. ¶¶ 14, 21-22.) Plaintiff contended that the Debt Collection Notice and the Payoff Statement both failed to comply with Section 1692g(a) because they did not accurately state the amount of the alleged debt. (Compl. ¶¶ 19, 23-26.)

On December 20, 2013, Davidson Fink filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 15.) On September 23, 2014, the Court issued its Order Denying Dismissal. (Docket Entry 23.) On October 7, 2014, Davidson Fink filed its motion for reconsideration of the Order Denying Dismissal or, in the alternative, for certification pursuant to 28 U.S.C. § 1292(b). (Docket Entry 25.) This motion is fully briefed and currently pending before the Court.

## DISCUSSION

I. Legal Standard

3

The standard for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. N.Y. City Campaign Fin. Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Thus, a motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

II. Analysis

"The FDCPA imposes liability on 'debt collectors' for certain prohibited debt collection practices." Abrahmov v. Fid. Info. Corp., No. 12-CV-3453, 2013 WL 5352473, at *2 (E.D.N.Y. Sept. 23, 2013) (internal quotation marks and citation omitted). Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. § 1692e). To establish a claim under the FDCPA, a plaintiff must satisfy the following threshold requirements: "(1) [t]he plaintiff must be a 'consumer;' (2) the defendant must be a 'debt collector;' and (3) the defendant must have committed some act or omission in violation of the FDCPA."

4

Abrahmov, 2013 WL 5352473, at *2 (citation omitted); accord Suquilanda v. Cohen & Slamowitz, LLP, No. 10-CV-5868, 2011 WL 4344044, at *6 (S.D.N.Y. Sept. 8, 2011).

Here, the sole count of the Complaint alleged that Davidson Fink violated Section 1692g(a) of the FDCPA. Under Section 1692g(a), a "debt collector," when attempting to collect a debt from a "consumer," must provide the consumer with a detailed debt validation notice within five days after an "initial communication" with the consumer. 15 U.S.C. § 1692g(a). The validation notice must provide the amount of the debt, the name of the current creditor, and a statement of the procedure by which the consumer can dispute the debt and obtain verification of the amount of the debt and the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

Plaintiff contended that Davidson Fink failed to comply with Section 1692g(a) because both the Debt Collection Notice, which was attached as an exhibit to the Foreclosure Complaint, and the Payoff Statement, which was later sent to Plaintiff, did not provide the amount of the alleged debt. Davidson Fink moved to dismiss this claim on three grounds: (1) Davidson Fink was not acting as a debt collector under the FDPCA because the FDCPA does not apply to foreclosure actions; (2) an "initial communication" under the FDCPA never took place between Davidson Fink and

5

Plaintiff, and thus, the notice requirements of Section 1692g(a) were never triggered; and (3) even if an initial communication had taken place, Davidson Fink did not violate Section 1692g(a) because the Payoff Statement properly stated the amount of the balance remaining on Plaintiff's mortgage.

In the Order Denying Dismissal, the Court disagreed with Davidson Fink on all three grounds and denied its motion to dismiss. Davidson Fink now moves for reconsideration, arguing that the Court overlooked precedent from prior cases in the Eastern District of New York in reaching its conclusion that Plaintiff plausibly alleged that Davidson Fink was acting as a debt collector and that an initial communication had taken place. (See Def.'s Br., Docket Entry 25-1, at 2-9.)  After carefully reviewing Davidson Fink's motion for reconsideration, the Court agrees that it erred in holding that Davidson Fink was acting as a debt collector.

In its motion to dismiss, Davidson Fink argued that it was not engaged in debt collection because the Foreclosure Complaint sought only to foreclose on Plaintiff's property and did not seek a monetary judgment against Plaintiff. (Def.'s Dismissal Br., Docket Entry 17, at 8.)  In support of this argument, Davidson Fink relied primarily on two district court decisions from this Circuit holding that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary

6

judgments against debtors is not debt collection for purposes of the FDCPA." Boyd v. J.E. Robert Co., No. 05-CV-2455, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013); see also Derisme v. Hunt Leibert Jacobsen P.C., 880 F. Supp. 2d 311, 325 (D. Conn. 2012) ("[F]oreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA.").

In assessing this argument, the Court acknowledged that a majority of courts has found that the FDCPA does not apply to foreclosure-related activities. Carlin, 2014 WL 4826248, at *9 (collecting cases). However, the Court went on to state that it believed that neither party squarely addressed the dispositive issue, which the Court phrased as: "whether Davidson [Fink] can pursue a foreclosure action and also engage in debt collection under the FDCPA." Carlin, 2014 WL 4826248, at *9.

The Court held that Davidson Fink could engage in both activities. In support, the Court relied on the decision in Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012), where the Eleventh Circuit held that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." 678 F.3d at 1218. However, the Court overlooked an important factual distinction in that case. In Reese, the defendant law firm sent a debt collection notice before any foreclosure action was commenced and argued that it was not an

7

attempt to collect a debt under the FDCPA because "the purpose was simply to inform the [plaintiffs] that [the mortgagee] intended to enforce its security deed through the process of non-judicial foreclosure." 678 F.3d at 1217. The Reese court rejected this argument, explaining that it "wrongly assume[d] that a communication cannot have dual purposes" and that the practical effect of the proposed rule would be that a debt collector could simply avoid the requirements of the FDPCA by sending a debt collection notice that also included notice of foreclosure on the secured interest. 678 F.3d at 1217-18.

The Reese case is factually distinguishable from this case because Davidson Fink commenced a foreclosure action and included the Debt Collection Notice with the Foreclosure Complaint. By overlooking this distinction and applying it to the present case, the Court deviated from the majority rule that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA." Boyd, 2013 WL 5436969, at *9. This is because under New York law, "[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies." Gizzi v. Hall, 309 A.D.2d 1140, 1141, 767 N.Y.S.2d 469, 471 (3rd Dep't 2003). Because it sought to foreclose on the property, Davidson Fink was not engaging in the

8

collection of a debt as a matter of law. The Complaint therefore should have been dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Davidson Fink's motion for reconsideration (Docket Entry 25) is GRANTED. The Clerk of the Court is directed to VACATE that portion of the Court's Memorandum and Order dated September 23, 2014 (Docket Entry 23) that denied Davidson Fink's motion to dismiss (Docket Entry 15). Davidson Fink's motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is further directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  30 , 2015
         Central Islip, New York