IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
ANDREW CARLIN,                                      :
individually and on behalf of a class,              :
                                                    :      Case No: 2:13-cv-6062-JS-AYS
                Plaintiff,                        :
                                                    :
   v.                                               :
                                                    :
DAVIDSON FINK LLP,                                  :
                                                    :
                Defendant.                        :
------------------------------------------------------------------x

**MOTION FOR PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT**

Plaintiff, Andrew Carlin (the "Plaintiff" or "Class Representative"), and the Defendant, Davidson Fink, LLP ("Defendant" ) (Plaintiff and Defendant are collectively referred to as (the "Parties")), respectfully request that the Court enter an Order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for claim form submission, opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

    1.    Under the terms of the Class Action Settlement Agreement and subject to court approval:

        a.    Defendant agrees to establish a class settlement fund in the amount of $37,500.00 for purpose of satisfying the claims of the Class Members.

        b.    Subject to Court approval, Defendant agrees to pay Plaintiff and Class Representative, Andrew Carlin, $5,000.00 for his actual and statutory damages and for his service as Class Representative.  This amount is to be paid in addition to, and not out of, the amounts to be paid the Class Members.

1

  c. Each class member who returns a timely claim form and does not opt out shall receive a pro rata share of the Class Settlement Fund ($37,500.00).

  d. Defendant shall be responsible for all costs of class notice and administration.

  e. Defendant agrees to pay Class Counsel reasonable attorneys' fees and costs in the total amount of $87,500.00. This amount is to be paid in addition to, and not out of, the amounts to be paid the Class Members.

  f. Class Counsel shall cause notice of the Class Action Settlement to be sent to the Class Member within 30 days after entry of the Preliminary Approval Order.

  g. Defendant's Counsel will cause to be mailed to the Class members, by first class mail: (1) the Class Notice and Claim Form, and (2) the settlement checks.

  h. To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks must be paid over as a *cy pres* award to Class Counsel to be distributed to The Legal Aid Society, 199 Water Street, New York, New York 10038.

In support of their motion, the Parties state:

2. This action was brought by Plaintiff on his own behalf and on behalf of all other persons similarly situated to Plaintiff.

3. Plaintiff asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendant. The Complaint alleges that Defendant failed to send plaintiff a notice compliant with 15 U.S.C. §1692g within 5 days of its initial communication with Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"). Defendant denies the allegations asserted against it, denies any liability to Plaintiff and/or the Class Members, and the Court has not made a finding of liability against Defendant.

4. Counsel for Plaintiff and Counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

5. Based upon this review and analysis, counsel for Plaintiff and Counsel for Defendant embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit A.

6. Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23.

7. The Class is defined (a) all individuals against whom Davidson Fink filed a foreclosure complaint (b) without also providing a letter containing the amount presently owed (c) which complaint was filed or served on or after October 31, 2012 and before April 1, 2017. Defendant represents that the class consists of approximately 1,545 persons.

8. The parties stipulate and agree that, for settlement purposes only, the following requirements are met:

   a. The Class is sufficiently numerous such that joinder of all members is impracticable. (Defendant represents that the class consists of approximately 1,545 individuals).

   b. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

   c. The Class Representative's claims are typical to those of the Class Members.

   d. The Class Representative and his counsel are adequate representatives for the Class.

   e. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

9. Counsel for Plaintiff and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed Class.

10. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

11. The Parties have agreed on the form of notice to be sent to each Class Member, attached as Exhibit B, via first class mail. The Parties have agreed that no further notice to the Class is required.

12. The Parties have agreed on the proposed Preliminary Approval Order, attached as Exhibits C.

## DEFINITIONS

<u>Parties</u>. The Parties to this Class Action Settlement Agreement and Release are Andrew Carlin individually and on behalf of all other similarly situated natural persons (collectively, "Plaintiff" or "Class Members," as defined more fully below), and Defendant.

<u>Accessible Contact Information</u>. "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of Defendant and using standard address forwarding that may be supplied by the United States Post Office, if any.

<u>Action</u>. "Action" means the above-captioned action currently pending in the United States District Court for the Eastern District of New York. Case No. 2:13-cv-6062-JS-AYS.

<u>Attorneys' Fees</u>. "Attorney's Fees" means reasonable attorney's fees, costs of litigation, and expenses, as awarded by the Court. Plaintiff's Counsel will accept the amount of fees and costs as approved and awarded by the Court in an amount not to exceed $87.500.00. Class Counsel shall not petition the Court for fees in excess of $87.500.00. "Attorney's Fees" also include the fees and expenses incurred by Class Counsel to answer any questions from members of the class that contact Class Counsel. "Attorney's Fees" do not include payments to the Class

Representative, or settlement administration costs and expenses.  Defendant shall not contest any petition for an award of reasonable attorney's fees.

<u>Claim Form</u>.  "Claim Form" means the proof of claim form included in Appendix A attached hereto.

<u>Claim Form Deadline.</u>"Claim Form Deadline" means the date by which the Settlement Administrator must receive from Settlement Class Members the Claim Form included in Appendix A to the Settlement Agreement indicating the Class Members desire to receive a portion of the Class Settlement Fund. The Claim Form Deadline is forty-five (45) days after the Notice Date.

<u>Class Counsel</u>.  "Class Counsel" means counsel for the Class Representative and the Class Members:  Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL  60603 and Kleinman, LLC, 626 RXR Plaza, Uniondale, New York 11556.

<u>Class Members</u>.  "Class Members" shall be defined in the following manner: (a) all individuals against whom Davidson Fink LLP filed a foreclosure complaint (b) without also providing a letter containing the amount presently owed, (c) which complaint was filed or served on or after October 31, 2012 and before April 1, 21017.   Defendants represents that the class consists of approximately 1,545 persons.

<u>Class Representative</u>.  "Class Representative" shall mean Andrew Carlin.

<u>Complaint</u>.  "Complaint" means the Complaint filed in this Action on October 31, 2013.

<u>Court</u>.  The "Court" means the United States District Court for the Eastern District of New York, by the judge now assigned to this Action, Magistrate Judge Anne Y. Shields.

<u>Defendant</u>.  "Defendant" means Davidson Fink LLP.

<u>Defendant's Counsel</u>.  "Defendant's Counsel" means:  Matthew J. Bizzaro of L'Abbate,

Balkan, Colavita & Contini, LLP, 1001 Franklin Avenue, Garden City, New York 11530.

Effective Date. "Effective Date" means thirty-five (35) days after the Court's entry of a Final Order approving this Settlement Agreement as fair, reasonable, and adequate to the Class, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such Final Order, which disposition approves the Court's Final Approval Order, approving the Settlement Agreement. The parties waive their rights to appeal any Final Order entered in accordance with the terms of the Settlement Agreement.

Fairness Hearing. "Fairness Hearing" means the hearing to determine whether the settlement of the Class Action should be given final approval, whether the proposed Plan of Allocation should be approved, and whether Class Counsel's attorney's fees, costs, and expenses should be approved.

Final. "Final" means the entry of the Final Judgment where the following has occurred: (a) if no appeal is filed, the expiration of the date for filing a notice of any appeal; (b) upon entry by the Court of the Final Judgment and the expiration of the applicable period for perfecting an appeal from such Final Judgment without perfecting the appeal; and/or (c) if an appeal is taken, upon entry by a final Appellate Court of an Order affirming the Final Judgment and the expiration of any right of further appeal, or upon the voluntary dismissal of such appeal.

Final Judgment. "Final Judgment" means the Final Approval Order.

Notice and Settlement Notice. "Notice" and "Settlement Notice" means the Notice of Proposed Class Action Settlement in the form attached to the Joint Motion as Exhibit B**.**

Notice Date. "Notice Date" means the date that Notice is mailed to Class Members, which is 30 days after entry of the Preliminary Approval Order.

Opt-Out Date. "Opt-Out Date" means the deadline for the Settlement Administrator to receive from Settlement Class Members' requests for exclusion from the Settlement. The Opt-Out Date will be forty-five (45) days after the Notice Date.

Person. "Person" (when used in the singular or in the plural form) means an individual.

Preliminary Approval Order. "Preliminary Approval Order" means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice, a form of which is attached to the Joint Motion as Exhibit C, and setting a date for the Fairness Hearing.

Related Parties. "Related Parties" shall mean each of a Settling Parties' past or present officers, directors, trustees, members, employers, employees, independent contractors, partners, member firms, affiliates, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities (in their capacity as such), and all Related Parties' and Settling Parties' insurers and their reinsurers.

Released Claims. "Released Claims," means the claims and liabilities released and discharged under paragraph 3.01 of the Class Settlement Agreement.

Settlement. "Settlement" means the terms and conditions set forth in the Agreement, including all Exhibits to the Joint Motion referenced herein.

Settlement Administration Costs and Expenses. "Settlement Administration Costs and Expenses" means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing the Notice, processing claims forms, and mailing Settlement Checks to eligible Class Members. Defendant shall be solely responsible for all Settlement Administration Costs.

Total Settlement Amount. "Total Settlement Amount" means the aggregate of the amounts including the Class Members recovery, the Class Representative's recovery, the costs of and attorneys' fees.

Settlement Checks. "Settlement Checks" are the checks used to pay Class Members. Settlement Checks that are returned, undeliverable, or remain uncashed for 90 days from the date upon which they were mailed to Class Members shall be donated as a *cy pres* award to The Legal Aid Society, 199 Water Street, New York, New York 10038.

Settling Parties. "Settling Parties," means Andrew Carlin, (individually and on behalf of the Class Members) and Defendant, Davidson Fink, LLP.

Void Date. "Void Date" means the date on which all uncashed Settlement Checks expire. The Void Date is ninety (90) days after the checks are issued.

WHEREFORE, the Parties respectfully request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Class Settlement Agreement; (3) directing notice to be sent to the Class via first class mail; (4) setting a date by which Class Counsel will file its fee petition, and (5) setting dates for claim form submissions, opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

| | |
|---|---|
| Dated: New York, New York<br>          March 2018 | Dated: New York, New York<br>          March 2018 |
| KLEINMAN, LLC | L'ABBATE BALKAN COLAVITA & CONTINI, L.L.P. |
| By:  s/ Abraham Kleinman<br>       Abraham Kleinman, LLC | By:   s/ Matthew J. Bizzaro<br>         Matthew J. Bizzaro |
| Attorneys for the Plaintiff: | Attorneys for the Defendant: |
| 626 RXR Plaza<br>Uniondale, New York 11556 | 1001 Franklin Avenue<br>Garden City, New York 11530 |

(516) 522-2621

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

By: s/ Tiffany N. Hardy
     Tiffany N. Hardy

Tiffany N. Hardy
20 So. Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on March 14, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, and notification of such filing was sent to all parties.

                                                      s/ Tiffany N. Hardy
                                                      Tiffany N. Hardy