IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ANDREW CARLIN,
individually and on behalf of a class,

        Plaintiff,

v.

DAVIDSON FINK LLP,

        Defendant.

Case No: 2:13-cv-6062

---

## [PROPOSED] FINAL APPROVAL ORDER

This matter comes before the Court on the motion of Andrew Carlin, and a class of persons similarly situated (collectively "Plaintiff" or "Settlement Class Members"), and Davidson Fink, LLP ("Defendant") for final approval of the Class Action Settlement Agreement (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On May 21, 2018 this Court preliminarily approved the Class Action Settlement Agreement reached between Plaintiff and Defendant for the claims alleged in the above captioned matter *Carlin v. Davidson Fink, LLP,* Docket No. 2:13-cv-06062-AYS filed in the United States District Court for the Eastern District of New York. The Court approved a form notice for mailing to the class. The Court is advised that on June 8, 2018, the third-party class administrator, First Class Inc., ("First Class"), caused notice of this class action settlement to be

mailed to 1,507 individuals identified as members of the class.  A second mailing of the Class Notice was sent on July 11, 2018 to the 1,249 class members who had not returned a claim form and whose notice was not returned as undeliverable.

As of October 2, 2018, of the 1,507 Notices mailed, 189 Notices were returned as undeliverable with no forwarding address.  First Class was able to find new addresses and re-mailed 146 of the 189 Notices returned as undeliverable.  Of the 146 Notices remailed, 26 were again returned as undeliverable.  As of October 2, 2018, 69 Notices were ultimately returned as undeliverable with no forwarding address. There were 385 timely claims forms submitted and total of 17 valid, but late claim forms submitted.   The Court, accepting the late claim forms, has found that 402 class members opted to participate in the recovery under  the Settlement, no class members excluded themselves from the Settlement, and no class members objected to the Settlement.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement and Addendum to the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and the Class Settlement Members, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New York law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the

Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. All of the Released Claims are dismissed without prejudice as to the Class Representative and Named Plaintiff, Andrew Carlin and the Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. For purposes of settlement the parties stipulate to the following class:

(a) All individuals against whom Davidson Fink, LLP filed a foreclosure complaint,

(b) without also providing a letter containing the amount presently owed,,

(c) which complaint was filed or served on or after October 31, 2012 and before November 19, 2013.

8. The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

(a) The class is so numerous that joinder is impracticable.

(b) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

(c) Plaintiff's claims are typical of the claims of the class members.

(d) Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9. Defendant will maintain a list of class members who are subject to the Release.

10. Each Class Member not opting out as of the Effective Date does hereby release and forever discharge the Defendant, and its Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, liens and/or demands, whatsoever, known or unknown, in law or in equity, which could have been alleged on behalf of the Class against the Released parties, for any violations of §1692g and/or §1692e of the FDCPA or any other claims or legal theories that could have been asserted on behalf of the class based on a failure to disclose the present amount of the debt.  This Agreement does not address the validity of the debts and/or mortgages allegedly owed by the Class Members.  Andrew Carlin and the Class Members do not release their right to dispute any alleged debt or mortgage, or any part of an alleged debt or mortgage.  Defendant does not release its right to proceed with the foreclosure actions against Andrew Carlin and the Class Members. This release is conditioned on the final approval of the Agreement by the Court and Plaintiff, the Class Members, Class Counsel and Defendant meeting their obligations therein.

11. The Class Representative, Andrew Carlin, his assigns, heirs, successors, agents and personal Representatives (in their capacity as such), do hereby release and forever discharge the Released Parties from all causes of action, suits, claims, liens and/or demands, whatsoever, known or unknown, in law or in equity, which were raised or could have been raised in the instant lawsuit. This release is conditioned on the final approval of the Agreement by the Court and Plaintiff, the Class Members, Class Counsel and Defendant meeting their obligations therein.

12. Plaintiff Andrew Carlin and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying mortgage foreclosure litigation brought by or on behalf of Davidson Fink, LLP.

4

13. The Court approves payment of Five Thousand Dollars ($5,000.00) to Plaintiff Andrew Carlin, for his actual and statutory damages and for his service as class representative, as a monetary incentive award within 30 days after the Effective Date.

14. The Court approves payment of Thirty-Seven Thousand and Five Hundred Dollars ($37,500.00), for the establishment of a class fund to be distributed on a *pro rata* basis to the 402 class members who submitted a valid claim form. Defendant, through a third party administrator shall cause checks to be mailed to the Class Members within 30 days after the Effective Date.

15. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

16. The Court dismisses the claims of the Plaintiff, and the Class against Defendant

without prejudice. The dismissal shall convert to a dismissal with prejudice 10 days after the Defendant files its notice of compliance as set forth in paragraph 22 below, absent any motion by Class counsel or the defendant.

17. Within thirty (30) days after the Effective Date, Defendant shall make all payments required by the Agreement.

18. Within thirty (30) days of the Effective Date, Defendant's Counsel shall cause checks to be issued and delivered to the class members who submitted valid claim forms.

19. If any Settlement Class Member fails to cash a settlement check within ninety (90) days of mailing ("Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited.

20. The Court designates The Legal Aid Society as the *cy pres* recipient. The Class Administrator shall issue the *cy pres* award to the Legal Aid Society within 30 days of the Void Date.

21. When all of the following have been completed: (i) payment to the Class Representative (ii) payment to the Class Members who submitted valid claim forms (iii) the expiration of fifty (50) days after the Void Date, (iv) payment of attorney's fees, and (v) payment of the *cy pres* award, Defendant's Counsel shall file a "Notice of Compliance" that it has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient. The Notice of Compliance will request that the Court convert the dismissal of the claims of the Class Representative and Named Plaintiff Andrew

6

Carlin and the Class against Defendant and the Released Parties in this Order to a dismissal with prejudice.

22.     The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $87,500.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $87,500.00 to Class Counsel in accordance with the Agreement. Payment shall be made within thirty (30) days of the Effective Date.

23.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative and Named Plaintiff, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

24.     This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this ____ day of _____, 2018.

                                                                     Hon. Anne Y. Shields
                                                                     United States Magistrate Judge